IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 1:38 pm, Dec 21, 2020

| | |
|---|---|
| ANTONIO LEON MOSES,<br><br>      Plaintiff,<br><br>    v.<br><br>BRIAN ADAMS, in his individual and official capacities,<br><br>      Defendant. | CIVIL ACTION NO.: 6:20-cv-117 |

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 3.

### PLAINTIFF'S CLAIMS[1]

Plaintiff brings this action under § 1983, naming Warden Brian Adams as the only Defendant.  Doc. 1.  Almost the entirety of Plaintiff's 21-page Complaint is dedicated to overcoming the imminent danger exception to § 1915(g), though he states violations of his First, Eighth, and Fourteenth Amendment rights occurred and that he is being held in the Tier II program unlawfully.  Id. at 3, 5, 7, 19.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff begins his Complaint by stating there is a conspiracy to kill him to cover up corrupt policies and that he needs to speak with the Federal Bureau of Investigation about this matter. Id. at 3, 19. The alleged conspiracy to kill Plaintiff has been ongoing since 2012 and was initiated by his head parole officer, who is not named as a Defendant in the suit. Id. at 5. Plaintiff has been stabbed multiple times since he has been incarcerated, beaten by inmates, and unnamed individuals keep trying to poison him, but Plaintiff does not explain when these events occurred, who is trying to harm him, or provide any other details related to these allegations. Id. at 5, 18. Plaintiff contends he needs to file this suit because "this administration" keeps attempting to kill him and allows gang members to attack him. Id. at 16.

Additionally, Plaintiff fears unnamed LGBTQ individuals are also trying to kill him and "take [his] body," though again, he provides limited details on when, how, or who is threatening his life. Id. at 14, 16. Further, unnamed individuals are using the COVID-19 virus to try and kill Plaintiff. Id. at 17. Plaintiff has also been given addictive drugs by an unnamed inmate, which caused Plaintiff to go to the hospital, and when he informed prison officials, nothing was done. Id. Moreover, "they" are using undercover officers posing as inmates to sell drugs to incarcerated individuals to try and kill them. Id. Plaintiff states he cannot provide more details because he fears for his life and asks to provide documents to the Court "hand [to] hand" or explain in person. Id. at 5, 8, 17.

## DISCUSSION

**I.      Dismissal Under 28 U.S.C. § 1915(g)**

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA"). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit Court of Appeals upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection. Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

(1)   Moses v. Lamb, No. 1:13-cv-122 (M.D. Ga. Oct. 16, 2013) (dismissed for failure to state a claim);

(2)   Moses v. Sproul, No. 1:13-cv-65 (M.D. Ga. July 9, 2013) (dismissed for failure to state a claim); and

(3)   Moses v. Gray, No. 1:13-cv-98 (M.D. Ga. June 11, 2013) (dismissed for failure to state a claim).

Additionally, Plaintiff has been identified as a three-striker in Moses v. Danforth, 3:13-cv-89 (S.D. Ga. Jan. 8, 2014). Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate he meets the "imminent danger of serious physical injury" exception of § 1915(g).

3

## II.     Plaintiff's Allegations of Imminent Danger of Serious Physical Injury

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cnty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006)).  "In determining whether the imminent-danger exception applies, we construe a pro se plaintiff's complaint liberally, accept all of the allegations as true, and view the complaint as a whole." O'Connor v. Warden (O'Connor III), 754 F. App'x 940, 942 (11th Cir. 2019).  General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the § 1915(g) exception.  Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) ("[G]eneral assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" (quoting Brown v. Johnson, 387 F.3d 1344, 1349–50 (11th Cir. 2004))); see also Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding inmate's allegations "that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute").

Plaintiff's allegations are insufficient to show he was in imminent danger when he brought this action on December 4, 2020, as required to surpass § 1915(g)'s three strikes provision.  Many of Plaintiff's allegations appear to refer to past harm, which are insufficient to show he is currently in danger.  For example, Plaintiff states he has been stabbed and beaten while in prison, as well as given drugs that resulted in a trip to the hospital, but it is unclear

4

whether the individuals who previously harmed Plaintiff are still the ones threatening him. Doc. 1 at 5, 16, 18; see Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018) ("[A] three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint."); Skillern, 202 F. App'x at 344; Medberry, 185 F.3d at 1193 (finding inmate's allegations "that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute").

The rest of Plaintiff's allegations are vague, conclusory, and lack factual grounding. Plaintiff complains he faces harm from a multitude of sources, including plots to kill him, poisoning, and threats from unnamed individuals, "the administration," and the COVID-19 pandemic. Doc. 1 at 5, 14–15, 17–19. However, Plaintiff provides no details related to these allegations such that is entirely unclear who is trying to harm him, precisely how, or when he faces this threat. Ultimately, rather than provide any facts related to these claims, Plaintiff provides only conclusory allegations that unnamed individuals (i.e., "they") are trying to harm him. Vague allegations of this sort, without any factual grounding, are not enough to overcome the three-strike bar. O'Connor v. Suwannee Corr. Inst. (O'Connor I), 649 F. App'x 802, 805 (11th Cir. 2016) (observing imminent danger cannot be based on claims which are "speculative and not factually supported"). Indeed, Plaintiff's allegations in this regard are not just conclusory and unsupported, the allegations are also potentially fanciful or delusional.

As Plaintiff does not qualify for the imminent danger exception, his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*. Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint due to Plaintiff's failure to prepay the entire filing fee in this case.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the foregoing reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 3.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA